IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SEN LAM, §
    Petitioner, §
  §
v. §
  § Civil Action No. 4:08-CV-184-Y
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
    Respondent. §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Sen Lam, TDCJ #1416327, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tulia, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

By this habeas petition, Lam challenges a 2007 disciplinary proceeding conducted at the

Tulia Unit of TDCJ, and the resultant 30 days extra duty and recreation and commissary restrictions. (Disciplinary Hrg. R. at 1) Lam was charged in Disciplinary Case No. 20080083051 with being out of place, a level 2, code 27 violation. (*Id.* at 2) The offense report alleged that on November 20, 2007, Lam "was in dorm hall Searchers desk when in fact said offender had no authorization to be in such place." (*Id.*) After receiving notice of the charges, Lam attended a disciplinary hearing on November 22, 2007, during which he pled not guilty to the offense. (*Id.* at 1) During the hearing, Lam's oral statement was allowed and documentary evidence was admitted, including the offense report and the preliminary investigation report. (*Id.* at 2-3) After considering the evidence, the hearing officer found Lam guilty of the violation. (*Id.* at 1) Lam filed Step 1 and Step 2 grievances contesting the guilty finding, to no avail. (Disciplinary Grievance R. at 1-4) This federal petition for writ of habeas corpus followed.

D. ISSUES

Lam claims (1) his due process rights were violated by the disciplinary action taken by prison officials and (2) the evidence was insufficient to support a guilty finding. (Petition at 7)

E. RULE 5 STATEMENT

Lam has exhausted his state administrative remedies as to the claims presented as required by § 2254(b)(1)(A).

F. DISCUSSION

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). With regard to Lam's punishment–assignment of extra duty and temporary recreation and commissary restrictions, such punishments present no issues of constitutional

magnitude. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995). The sanctions do not represent atypical or significant hardships or infringe upon a constitutionally protected liberty interest. Absent some constitutionally protected liberty interest, due process does not attach to a prison disciplinary proceeding. Thus, the disciplinary hearing that resulted in those sanctions does not implicate the Due Process Clause. *See Samford v. Staples*, 249 Fed. Appx. 1001, 1004 (5th Cir. 2007) (not reported in the Federal Reporter).

Lam has failed to show that he has been denied a constitutionally protected interest. Accordingly, Lam is not entitled to habeas corpus relief.

## II. RECOMMENDATION

Lam's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 19, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 19, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 29, 2008.

                                              /s/ Charles Bleil
                                              CHARLES BLEIL
                                              UNITED STATES MAGISTRATE JUDGE